# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| K.P., by and through her Mother and next friend, JERRI PARKER, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-07-287-JHP |
| MIKE BRYAN, et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

Now before the Court is the defendant's Motion to Enforce Settlement Agreement (Dkt.# 45), Plaintiff's Response and Defendant's Reply. The Court was advised by the parties the case had settled; neither party suggests that the Court was misinformed regarding the parties' intentions to discontinue litigation. The Administrative Closing Order (Dkt.# 44) entered by the Court on March 12, 2008, dismissed the case pursuant to Fed.R.Civ.P. 41(a)(2) and allowed the parties fifteen days to reopen the litigation. Moreover, the Administrative Closing Order specifically states that it "shall mature into a final judgment pursuant to Fed.R.Civ.P. 54 and Fed.R.Civ.P. 58, if the parties fail to submit final closing papers within fifteen (15) days from the date of this order." The Motion to Enforce Settlement Agreement was not filed until June 12, 2008. Both parties clearly had notice of the consequences of the Administrative Closing Order, and neither party notified the Court of difficulties in finalizing the settlement during the appropriate time-frame. Therefore, the Administrative Closing Order matured into a dismissal creating an appealable final judgment. *Morris v. City of Hobart*, 39 F.3d 1105, 1109-1110 (10th Cir. 1994); *Lewis v. B.F. Goodrich*, 850 F.2d 641, 643 (10th Cir. 1988).

Accordingly, the Defendant's Motion to Enforce Settlement Agreement is denied.

**IT IS SO ORDERED this 15th day of July, 2008.**

James H. Payne
United States District Judge
Eastern District of Oklahoma